IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No.  12-cv-01887-PAB-BNB

BILL GUINN,

Plaintiff,

v.

JEFFCO COMBINED COURTS,
JEFFCO JUDGE DaVITA,
JEFFCO DISTRICT ATTORNEYS OFFICE,
MS. SAMANTHA BLOODWORTH,
JEFFCO PUBLIC DEFENDERS OFFICE,
JEFFCO SHERIFFS' DEPARTMENT,

Defendants.
_____

**ORDER**
_____

This matter arises on the plaintiff's **42 U. S. C. A. § 1983 Complaint** [Doc. #1] (the "Complaint").  The Complaint is STRICKEN, and the plaintiff is directed to submit an amended complaint that complies with this order.

The Federal Rules of Civil Procedure require that a complaint contain "(1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought . . . ."  Fed. R. Civ. P. 8(a).  "[T]he only permissible pleading is a short and plain statement of the claim showing that the pleader is entitled to relief on any legally sustainable grounds."  Blazer v. Black, 196 F.2d 139, 144 (10th Cir. 1952).  "[T]o state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her, and what specific legal right the plaintiff

believes the defendant violated." Nasious v. Two Unknown B.I.C.E. Agents, 492 F.3d 1158, 1163 (10th Cir. 2007). The requirements of Rule 8(a) guarantee "that defendants enjoy fair notice of what the claims against them are and the grounds upon which they rest." TV Communications Network, Inc. v. ESPN, Inc., 767 F. Supp. 1062, 1069 (D. Colo. 1991), aff'd, 964 F.2d 1022 (10th Cir. 1992). The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules.

The plaintiff is proceeding *pro se*. Although I must liberally construe the pleadings of the *pro se* plaintiff, Haines v. Kerner, 104 U.S. 519, 520-21 (1972), I cannot act as his advocate, and the plaintiff must comply with the fundamental requirements of the Federal Rules of Civil Procedure and the local rules of this court. Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

The plaintiff's Complaint suffers from many deficiencies, not the least of which is that the Complaint is not submitted on the court's standard complaint form. "A *pro se* party shall use the forms established by this court to file an action." D.C.COLO.LCivR 8.1A.

The plaintiff asserts five claims against two individuals and several entities. The plaintiff's claims arise out of a citation and subsequent conviction for driving under the influence of alcohol. Most of the plaintiff's allegations refer collectively to the defendants. The plaintiff does not clearly state the actions or inactions of each defendant and how those actions or inactions violate the law.

The Complaint makes allegations against entities.  An entity sued under section 1983 is subject to liability only when its official policies or customs are responsible for deprivation of rights protected by the Constitution.[1]  Monell v. New York City Department of Social Services, 436 U.S. 658, 694 (1978).  A policy is a policy statement, ordinance, regulation, or decision officially adopted and promulgated by the entities' officers.  Id.

In addition, the Complaint contains legal argument and conclusory allegations of wrongdoing.  Arguments and conclusory allegations of wrongdoing are not appropriately included in a complaint.

Claim Eight is exemplary of the deficiencies throughout the Complaint.  Claim Eight states:[2]

> Plaint alleges that defs violated his 8th Amend. right when they deliberately subjected him to 83 days of unlawful imprisonment in Jeffco Jail for his DUI offense and conviction.  Plaint alleges defs' acted with deliberate indifference toward his well established 4th, 5th, 6th, 8th, and 14th Amend rights when they capriciously and arbitrarily forced him to serve 83 days of unlawful imprisonment in Jeffco Jail.

*Complaint*, p. 16.

Claim Eight does not identify which defendant(s) subjected him to 83 days of imprisonment, nor does it allege any specific facts to show how such imprisonment violated the plaintiff's Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendment rights.

---

[1] "Monell also extends to private defendants sued under § 1983."  Smedley v. Corrections Corp. of America, 175 Fed.Appx. 943, 946 (10th Cir. 2005) (citing Dubbs v. Head Start, Inc., 336 F.3d 1194, 1216 (10th Cir.2003)).

[2] I have quoted the plaintiff's filings as written, without correction or acknowledgment of error.

The Complaint fails to provide notice of the plaintiff's causes of action as required by Rule 8. Accordingly, the Complaint is stricken, and the plaintiff shall submit an amended complaint which complies with the Federal Rules of Civil Procedure, the local rules of this court, and this order.

The amended complaint must be submitted on the court's form and shall be titled "Amended Complaint." The background statement shall briefly summarize the plaintiff's case and shall not exceed one double-spaced typewritten page. Each claim shall be numbered and shall be stated separately. Each claim shall state the legal basis for the claim; shall identify which defendant(s) the claim is brought against; and shall allege facts sufficient to state a claim for relief as to each of those defendants. Each claim shall not exceed two typewritten pages, double-spaced. The Complaint shall not contain conclusory allegations or argument.

IT IS ORDERED:

1. The Complaint [Doc. # 1] is STRICKEN for failure to comply with Fed. R. Civ. P. 8 and D.C.COLO.LCivR 8.1A;

2. The plaintiff shall have until **August 20, 2012**, to submit an amended complaint which complies with Fed. R. Civ. P. 8; D.C.COLO.LCivR 8.1A; and this order;

3. The plaintiff's failure to comply with this order may result in a recommendation that the plaintiff's case be dismissed;

4. The Clerk of the Court shall enclose with this order a copy of the court's complaint form.

Dated August 6, 2012.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge