IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No.  12-cv-01887-PAB-BNB

BILL GUINN,

Plaintiff,

v.

JEFFCO COMBINED COURTS,
JEFFCO JUDGE DaVITA,
JEFFCO DISTRICT ATTORNEYS OFFICE,
MS. SAMANTHA BLOODWORTH,
JEFFCO PUBLIC DEFENDERS OFFICE,
JEFFCO SHERIFFS' DEPARTMENT,

Defendants.

_____

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

This matter arises on my **Order to Show Cause** [Doc. #8].  I respectfully

RECOMMEND that this action be DISMISSED WITHOUT PREJUDICE.

On August 6, 2012, I struck the plaintiff's "42 U.S.C.A. § 1983 Complaint" [Doc. #1]

(the "Complaint") and directed the plaintiff to submit an amended complaint.  In doing so, I

stated:

> The Federal Rules of Civil Procedure require that a complaint
> contain "(1) a short and plain statement of the grounds for the
> court's jurisdiction, . . . (2) a short and plain statement of the claim
> showing that the pleader is entitled to relief; and (3) a demand for
> the relief sought . . . ."  Fed. R. Civ. P. 8(a).  "[T]he only
> permissible pleading is a short and plain statement of the claim
> showing that the pleader is entitled to relief on any legally
> sustainable grounds."  Blazer v. Black, 196 F.2d 139, 144 (10th
> Cir. 1952).  "[T]o state a claim in federal court, a complaint must
> explain what each defendant did to him or her; when the defendant
> did it; how the defendant's action harmed him or her, and what

specific legal right the plaintiff believes the defendant violated."
Nasious v. Two Unknown B.I.C.E. Agents, 492 F.3d 1158, 1163
(10th Cir. 2007).  The requirements of Rule 8(a) guarantee "that
defendants enjoy fair notice of what the claims against them are
and the grounds upon which they rest."  TV Communications
Network, Inc. v. ESPN, Inc., 767 F. Supp. 1062, 1069 (D. Colo.
1991), aff'd, 964 F.2d 1022 (10th Cir. 1992).  The philosophy of
Rule 8(a) is reinforced by Rule 8(d)(1), which provides that
"[e]ach allegation must be simple, concise, and direct."  Taken
together, Rules 8(a) and (d)(1) underscore the emphasis placed on
clarity and brevity by the federal pleading rules.

The plaintiff is proceeding *pro se*.  Although I must liberally
construe the pleadings of the *pro se* plaintiff, Haines v. Kerner,
104 U.S. 519, 520-21 (1972), I cannot act as his advocate, and the
plaintiff must comply with the fundamental requirements of the
Federal Rules of Civil Procedure and the local rules of this court.
Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

The plaintiff's Complaint suffers from many deficiencies, not the
least of which is that  the Complaint is not submitted on the court's
standard complaint form.  "A *pro se* party shall use the forms
established by this court to file an action."  D.C.COLO.LCivR
8.1A.

The plaintiff asserts five claims against two individuals and several
entities.  The plaintiff's claims arise out of a citation and
subsequent conviction for driving under the influence of alcohol.
Most of the plaintiff's allegations refer collectively to the
defendants.  The plaintiff does not clearly state the actions or
inactions of each defendant and how those actions or inactions
violate the law.

The Complaint makes allegations against entities.  An entity sued
under section 1983 is subject to liability only when its official
policies or customs are responsible for deprivation of rights
protected by the Constitution.[1]  Monell v. New York City
Department of Social Services, 436 U.S. 658, 694 (1978).  A

---

[1]"Monell also extends to private defendants sued under § 1983."  Smedley v. Corrections
Corp. of America, 175 Fed.Appx. 943, 946 (10th Cir. 2005) (citing Dubbs v. Head Start, Inc., 336
F.3d 1194, 1216 (10th Cir.2003)).

policy is a policy statement, ordinance, regulation, or decision officially adopted and promulgated by the entities' officers. Id.

In addition, the Complaint contains legal argument and conclusory allegations of wrongdoing. Arguments and conclusory allegations of wrongdoing are not appropriately included in a complaint.

Claim Eight is exemplary of the deficiencies throughout the Complaint. Claim Eight states:[2]

"Plaint alleges that defs violated his 8th Amend. right when they deliberately subjected him to 83 days of unlawful imprisonment in Jeffco Jail for his DUI offense and conviction. Plaint alleges defs' acted with deliberate indifference toward his well established 4th, 5th, 6th, 8th, and 14th Amend rights when they capriciously and arbitrarily forced him to serve 83 days of unlawful imprisonment in Jeffco Jail."

*Complaint*, p. 16.

Claim Eight does not identify which defendant(s) subjected him to 83 days of imprisonment, nor does it allege any specific facts to show how such imprisonment violated the plaintiff's Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendment rights.

The Complaint fails to provide notice of the plaintiff's causes of action as required by Rule 8. Accordingly, the Complaint is stricken, and the plaintiff shall submit an amended complaint which complies with the Federal Rules of Civil Procedure, the local rules of this court, and this order.

The amended complaint must be submitted on the court's form and shall be titled "Amended Complaint." The background statement shall briefly summarize the plaintiff's case and shall not exceed one double-spaced typewritten page. Each claim shall be numbered and shall be stated separately. Each claim shall state the legal basis for the claim; shall identify which defendant(s) the claim is brought against; and shall allege facts sufficient to state a claim for relief as to each of those defendants. Each claim shall

---

[2]I have quoted the plaintiff's filings as written, without correction or acknowledgment of error.

> not exceed two typewritten pages, double-spaced.  The Complaint
> shall not contain conclusory allegations or argument.

I ordered the plaintiff to submit his amended complaint on or before August 20, 2012.  I

warned the plaintiff that failure to comply with my order could result in a recommendation that

his case be dismissed.  I also directed the Clerk of the Court to enclose with the order a copy of

the court's complaint form.

Instead of submitting an amended complaint on August 20th, the plaintiff filed a

"Response to Magistrate Judge's Order" on August 21st [Doc. #7] which "contests" my order and

argues that he cannot present his claims more concisely.  I ordered the plaintiff to show cause

[Doc. #8] why this action should not be dismissed for failure to comply with Fed. R. Civ. P. 8;

local rule of practice 8.1A, D.C.COLO.LCivR; and an order of this court.  I warned the plaintiff

that failure to show cause would result in my recommendation that the Complaint be dismissed.

The plaintiff did not respond to the show cause order.  Instead, he filed a proposed

amended complaint.  The proposed amended complaint does not comply with comply with Rule

8, local rule 8.1A, and my order.  The complaint is not submitted on the court's form, although

the plaintiff acknowledges receiving a copy of the form.  *Proposed Amended Complaint*, p. 1.

Claims One and Two are exemplary of the plaintiff's failure to submit a complaint in

compliance with Rule 8 and my order.  Claim One is five typewritten pages in length.  The claim

alleges that all of the defendants violated the plaintiff's Fifth Amendment right to due process.

Claim Two is also brought against all defendants.  Claim Two incorporates the allegations of

Claim One and asserts a violation of the plaintiff's Fourth Amendment rights.  However, Claim

One does not contain specific factual allegations that describe the actions or inactions of each

defendant and how those actions or inactions violated the plaintiff's due process and Fifth

Amendment rights.  Instead, the claim is verbose and contains conclusory allegations and legal

argument.

"[T]o state a claim in federal court, a complaint must explain what each defendant did to

him or her; when the defendant did it; how the defendant's action harmed him or her, and what

specific legal right the plaintiff believes the defendant violated."  Nasious v. Two Unknown

B.I.C.E. Agents, 492 F.3d 1158, 1163 (10th Cir. 2007).  The plaintiff repeatedly refers to the

defendants collectively instead of alleging specific facts regarding the actions or inactions of

each defendant.

Local rule of practice 41.1, D.C.COLO.LCivR, provides:

> A judicial officer may issue an order to show cause why a case
> should not be dismissed for lack of prosecution or for failure to
> comply with these rules, the Federal Rules of Civil Procedure, or
> any court order.  If good cause is not shown within the time set in
> the show cause order, a district judge or a magistrate judge
> exercising consent jurisdiction may enter an order of dismissal
> with or without prejudice.

The plaintiff did not comply with my order to submit an amended complaint on or before

August 20, 2012; he did not show cause why this action should not be dismissed for failure to

comply with Rule 8, local rule 8.1A, and my order; and his proposed amended complaint does

not comply with Rule 8, local rule 8.1A, and my order.

I respectfully RECOMMEND that the Complaint be DISMISSED WITHOUT

PREJUDICE for failure to comply with Fed. R. Civ. P. 8; D.C.COLO.LCivR 8.1A; and an order

of this court.[3]

---

[3]Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have 14 days
after service of this recommendation to serve and file specific, written objections.  A party's
failure to serve and file specific, written objections waives *de novo* review of the

Dated September 27, 2012.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge

---

recommendation by the district judge, Fed. R. Civ. P. 72(b); <u>Thomas v. Arn</u>, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions.  <u>Makin v. Colorado Dept. of Corrections</u>, 183 F.3d 1205, 1210 (10th Cir. 1999); <u>Talley v. Hesse</u>, 91 F.3d 1411, 1412-13 (10th Cir. 1996).  A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review.  <u>United States v. One Parcel of Real Property</u>, 73 F.3d 1057, 1060 (10th Cir. 1996).