IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 12-cv-01887-PAB-BNB

BILL GUINN,

    Plaintiff,

v.

JEFFCO COMBINED COURTS,
JEFFCO JUDGE DaVITA,
JEFFCO DISTRICT ATTORNEYS OFFICE,
MS. SAMANTHA BLOODWORTH,
JEFFCO PUBLIC DEFENDERS OFFICE,
JEFFCO SHERIFFS' DEPARTMENT,

    Defendants.

## ORDER

This matter is before the Court on the Recommendation of United States Magistrate Judge [Docket No. 10], filed on September 28, 2012. The magistrate judge recommends that the Court dismiss plaintiff's complaint for failure to comply with Rule 8 of the Federal Rules of Civil Procedure, D.C.COLO.LCivR 8.1A, and the magistrate judge's order of August 30, 2012. Docket No. 10 at 5. On October 9, 2012, plaintiff Bill Guinn filed timely objections [Docket No. 11] to the Recommendation. Therefore, the Court will "determine de novo any part of the magistrate judge's disposition that has been properly objected to."[1]  Fed. R. Civ. P. 72(b)(3).

---

[1] In light of plaintiff's pro se status, the Court construes his filings liberally.  *See Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 n. 3 (10th Cir. 1991).

Plaintiff filed this action on July 20, 2012.  On August 6, 2012, the magistrate judge struck plaintiff's complaint [Docket No. 5], finding that the complaint did not comply with Fed. R. Civ. P. 8 and was not submitted using the District of Colorado's standard complaint forms in violation of D.C.COLO.LCivR 8.1A.  Docket No. 5 at 1-2. The magistrate judge ordered plaintiff to file an amended complaint using the District's standard complaint forms pursuant to D.C.COLO.LCivR 8.1A, which states that "[a] pro se party shall use the forms established by this court to file an action," and to number each one of his claims separately with the factual basis for each one of his claims not to exceed one double-spaced typewritten page.  *Id*. at 4.  The magistrate judge ordered plaintiff to submit an amended complaint no later than August 20, 2012.  *Id*.

On August 21, 2012, plaintiff filed a response to the magistrate judge's order [Docket No. 7].  In his response, plaintiff argued that the District's standard complaint forms contained insufficient space, that he could not afford the added expenses associated with photocopying documents for a new complaint, and that his complaint had the same general content and headings included in the District's standard complaint forms.  Docket No. 7 at 2-3.  Plaintiff, however, did not file an amended complaint.

On August 30, 2012, the magistrate judge ordered [Docket No. 8] plaintiff to show cause why this case should not be dismissed for his failure to comply with D.C.COLO.LCivR 8.1A, Fed. R. Civ. P. 8, and the magistrate judge's order of August 6, 2012.  Docket No. 8 at 2.  The magistrate judge ordered plaintiff to file a response on or before September 24, 2012.

On September 24, 2012, plaintiff filed an amended complaint [Docket No. 9]. In the amended complaint, plaintiff brought seven claims for relief against six defendants. *See generally* Docket No. 9. On September 28, 2012, the magistrate judge issued a Recommendation [Docket No. 10]. The Recommendation noted that plaintiff did not file his amended complaint using the District's standard complaint forms in violation of the August 6, 2012 order, even though plaintiff had received copies of these forms. Docket No. 10 at 4; Docket No. 9 at 1. In addition, the magistrate judge found that plaintiff's amended complaint did not cure the deficiencies of the original complaint in that it did not present specific facts regarding the actions or inactions of each defendant, but rather alleged conclusory facts and made legal arguments. *Id*. at 4-5. Based on these findings, the magistrate recommended that the Court dismiss plaintiff's complaint without prejudice. *Id*. at 5.

Plaintiff objects to the Recommendation, arguing that the magistrate judge erred because he recommended dismissal based on the form of the complaint and not the substance of the allegations presented therein. Docket No. 11 at 5. Plaintiff argues that he should not have to comply with Local Rule 8.1 because his amended complaint substantially complies with Fed. R. Civ. P. 8, contains all the information necessary to enable the Court to review his claims, and substantially follows the format of the District's standard complaint forms. *Id*. Moreover, plaintiff argues that the allegations in the amended complaint are not conclusory, but rather present comprehensive facts in support of his seven claims for relief. *Id*. at 6-7.

Although plaintiff's pro se pleadings are entitled to liberal construction, plaintiff must follow the same rules of procedure that govern other litigants. *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005); *Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992). Local Rule 8.1A requires that pro se litigants file an action using the District's standard complaint forms. *See* D.C.COLO.LCivR. 8.1A. Rule 83(a)(2) of the Federal Rules of Civil Procedure allows a district court to enforce a local rule imposing a form requirement unless it "causes a party to lose any right because of a nonwillful failure to comply." Fed. R. Civ. P. 83(a)(2). Generally, "dismissal is an appropriate disposition against a party who disregards court orders and fails to proceed as required by court rules." *United States ex rel. Jimenez v. Health Net, Inc.*, 400 F.3d 853, 855 (10th Cir. 2005).

Plaintiff's failure to comply with Local Rule 8.1A in this case is far from "nonwillful." Rather, plaintiff has refused to comply with the magistrate judge's order requiring him to use the District's standard complaint forms and argues that he is excused from following Local Rule 8.1. Moreover, after reviewing the amended complaint, the Court finds that it is deficient for the same reasons the original complaint was deficient, i.e., neither complaint complies with the pleading requirements of Fed. R. Civ. P. 8. Thus, because plaintiff willfully declined to follow the magistrate judge's order, and his excuses for not complying with this order are not acceptable, the Court finds no error with the magistrate judge's Recommendation. *Cf. Durham v. Lappin*, 346 F. App'x 330, 332 (10th Cir. 2009) (affirming dismissal of a pro se complaint because of plaintiff's failure to comply with Local Rule 8.2A); *Georgacarakos v. Watts*, 368 F. App'x

917, 919 (10th Cir. 2010) (finding that the district court did not abuse its discretion when it dismissed a pro se complaint for noncompliance with Local Rule 8.2A, even if the pro se complaint was sufficient); *see AdvantEdge Bus. Grp. v. Thomas E. Mestmaker & Assocs.*, 552 F.3d 1233, 1236 (10th Cir. 2009) (noting that when the dismissal is without prejudice consideration of the *Ehrenhaus* factors is not required).[2]

Accordingly, it is

**ORDERED** that the Recommendation of United States Magistrate Judge [Docket No. 10] is **AFFIRMED**. It is further

**ORDERED** that plaintiff's amended complaint [Docket No. 9] is dismissed without prejudice. It is further

**ORDERED** that plaintiff's Unopposed Motion to Strike Erroneous Jurisdictional Claim [Docket No. 13] is **DENIED** as moot. It is further

**ORDERED** that this case is closed in its entirety.

DATED May 24, 2013.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge

---

[2]In *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992), the Tenth Circuit held that, before a district court dismissed a case under Rule 41(b), it must consider the following factors: (1) the amount of prejudice to defendants; (2) plaintiff's interference with the judicial process; (3) plaintiff's culpability; (4) warnings of the court that dismissal is a likely sanction for noncompliance; and (5) the possibility of lesser sanctions.